IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CICI ENTERPRISES, LP and YES CAPS, LLC,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**UNLIMITED PIZZA INC and MANDEEP SINGH,**<br><br>    **Defendants.** | Case No.: 3:25-cv-02204 |

## COMPLAINT

Plaintiffs Cici Enterprises, LP and Yes Caps, LLC (together, "Plaintiffs" or "Cicis"), by their attorneys, and for their Complaint against Unlimited Pizza Inc and Mandeep Singh (together, "Defendants"), state as follows:

## INTRODUCTION

1. Cicis is the national franchisor of the Cicis®-brand of franchised pizza restaurants operating throughout the country. Defendants are the former franchisee and personal guarantor of a formerly authorized Cicis®-brand restaurant in Frederick, Maryland. The franchise agreement under which Defendants operated the restaurant has been terminated by Cicis.

2. Despite termination of the agreement, Defendants refuse to comply with their post-termination obligations and continue to operate the formerly franchised restaurant as an authorized Cicis®-brand restaurant when it is not.

3. Cicis now brings this lawsuit to (i) enjoin Defendants from further infringing on Cicis' protected trademarks and trade name and unfairly competing with Cicis, (ii) enforce the post-termination provisions of the franchise agreement, including the obligation not to compete,

(iii) and recover contractual damages arising out of Defendants' breach of the franchise agreement and personal guarantee.

## PARTIES

4. Plaintiff Cicis Enterprises, LP is a Delaware limited partnership with its principal place of business in Dallas, Texas.

5. Plaintiff Yes Caps, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas.

6. Defendant Unlimited Pizza Inc is a Maryland corporation with its principal place of business in Frederick, Maryland.

7. Defendant Mandeep Singh is a Maryland citizen and resident.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338, and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, wherein all other claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

10. Jurisdiction and venue are also proper in this judicial district because Defendants expressly agreed in writing in the franchise agreement and personal guarantee that any action between the parties would be brought exclusively in this Court, and they irrevocably consented to, and waived any objection to, jurisdiction of and venue in this Court.

## RELEVANT FACTS

11. Cicis is the national franchisor of over 250 Cicis®-brand restaurants located across the country, including Texas and Maryland. Cicis®-brand restaurants offer buffet-style pizza and other food products and beverages for dine-in, carry-out, and delivery.

12. Cicis grants franchises to certain persons who appear to satisfy its internal criteria to establish and operate Cicis®-brand restaurants under written franchise agreements with Cicis, together with a limited license to use certain of Cicis' trademarks in connection therewith.

### The Cicis® Name and Marks

13. To identify the source, origin, and sponsorship of Cicis' products and services, and to distinguish those products and serves offered and sold by others, Cicis and its authorized franchisees have extensively use certain trademarks, trade names, and service marks, including among others "Cicis" (the "Cicis Marks"), in connection with the operation of authorized Cicis®-brand restaurants.

14. Yes Caps, LLC owns the Cicis Marks and licenses them to Cicis, which in turn sublicenses them to authorized Cicis franchisees for use solely in connection with their operation of Cicis®-brand restaurants pursuant to written franchise agreements with Cicis.

15. The Cicis Marks are registered on the Principal Register of the United States Patent and Trademark Office. The registration of the Cicis Marks continues in full force and effect.

16. Cicis has given notice to the public of the registration of the Cicis Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that all users of the Cicis Marks have been authorized by written license to do so.

17. Cicis, its affiliates, and its authorized franchisees and other licensees have continuously used the Cicis Marks in interstate commerce in connection with the operation of

Cicis®-brand restaurants and the promotion, offer, and sale of the products and services they offer throughout the United States since the date of their registration.

18.  Cicis, its affiliates, and its authorized franchisees and other licensees have extensively advertised and promoted the Cicis Marks and the products and services offered in Cicis®-brand restaurants and otherwise in association with those marks throughout the United States and through various media.  As a result of such efforts and the substantial sums spent in connection therewith, the products and services offered at Cicis®-brand restaurants under the Cicis Marks have been met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

### Defendants' Franchise Agreement

19.  Effective April 29, 2019, Defendant Unlimited Pizza Inc, as franchisee, and Cicis, as franchisor, entered into a written franchise agreement under which Cicis granted Unlimited Pizza Inc the right to operate a franchised Cicis®-brand restaurant at 5010 Buckeystown Pike, Suite 136-140, Frederick, Maryland 21704 (the "Restaurant")—including a license to use Cicis' proprietary system and Marks in connection with its operation of the Restaurant—until the agreement's scheduled expiration date, unless terminated before then.

20.  Defendant Mandeep Singh personally guaranteed Unlimited Pizza Inc's obligations under the franchise agreement, and agreed to be personally bound by, and personally liable for the breach of, each and every provision of the franchise agreement, including the noncompetition covenant discussed below.

21.  Upon the termination of the franchise agreement, Defendants agreed to immediately comply with certain post-termination obligations, including without limitation:

   a.   To cease use of Cicis' confidential methods, computer software, including

4

        without limitation any point-of-sale software adapted for use by the system), procedures, and techniques associated with the system;

    b.    To cease use of the Cicis Marks and all other marks and distinctive forms, slogans, signs, symbols, and devices associated with the system; and

    c.    To de-identify the Restaurant as being, or having been, associated with Cicis or the Cicis® brand and immediately cease using any proprietary mark of Cicis.

22. In addition, to induce Cicis to enter into the franchise agreement and provide defendants with access to its confidential system, use of the Cicis Marks, and specialized training in operating the Restaurant, Defendants also agreed not to compete with Cicis for a continuous period of two years from the later of the effective date of termination or the date on which they begin compliance, within ten miles of the Restaurant, their formerly protected territory, or any other franchised location.

23. The franchise agreement requires that Defendants pay Cicis all damages, costs, and expenses, including reasonable attorneys' fees, incurred by Cicis in connection with obtaining relief for any breach of the franchise agreement.

24. The Restaurant was closed as of the end of business on July 15, 2025. On July 16, 2025, Cicis sent Defendants a written notice reminding Defendants of their post-termination obligations under the franchise agreement, including, among others, ceasing use of Cicis Marks, removing all signage indicating affiliation with Cicis, ceasing use of Cicis' proprietary system, returning all confidential information, including all copies of Cicis' manuals, and complying with their post-termination noncompetition covenants.

**Defendants' Violations of the Post-Termination Obligations**

25. Despite termination of the franchise agreement, Defendants have failed and refused to comply with their post-termination obligations.

26. Defendants continue to operate the Restaurant under the Cicis Marks and other forms, slogans, signs, symbols, and devices associated with Cicis' proprietary and confidential system without a license to do so.

27. Defendants continue to operate the Restaurant using Cicis' proprietary and confidential system without a license to do so.

28. Defendants refuse to de-identify the Restaurant as being, or having been, associated with Cicis or the Cicis® brand.

29. And Defendants refuse to comply with their post-termination noncompetition covenant by operating the same restaurant at the same location as their formerly-franchised Restaurant.

30. Put simply, despite termination of the franchise agreement, Defendants continue to operate the Restaurant as an authorized Cicis®-brand restaurant, thereby falsely holding their business out to the public as an authorized and authentic Cicis®-brand restaurant when it is not.

31. Cicis at all times fully performed all of its obligations under the franchise agreement.

## COUNT I
## TRADEMARK INFRINGEMENT

32. Cicis incorporates the above paragraphs as if fully stated in this paragraph.

33. Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of the Cicis Marks and have caused and are likely to continue to cause consumer confusion or mistake and deceive the public in violation of Section 32(1) of the Lanham Act, 15

U.S.C. § 1114(1).

34. Defendants' misconduct has been, and continues to be, knowing and willful.

35. As a direct and proximate result of defendants' infringement, Cicis has suffered and, unless Defendants' infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including without limitation, diminution in the value of the Cicis Marks, diminution in the value of its goodwill and reputation, and incalculable lost revenues and profits.

36. Cicis has no adequate remedy at law because the Cicis Marks are unique and represent to the public Cicis' identity, reputation, and goodwill, such that damages alone cannot fully compensate Cicis for Defendants' misconduct.

37. This continuing injury to Cicis' business, identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the Cicis Marks, and to ameliorate and mitigate Cicis' injuries.

## COUNT II
## UNFAIR COMPETITION

38. Cicis incorporates the above paragraphs as if fully stated in this paragraph.

39. Defendants' acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristic, qualities, or geographic origin of the food products being offered and sold by Defendants, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendants' misconduct has been, and continues to be, knowing and willful.

41. As a direct and proximate result of Defendants' infringement, Cicis has suffered and, unless Defendants' infringement is enjoined, will continue to suffer actual, substantial, and

7

irreparable harm, including, without limitation, diminution in the value of its trade dress, diminution in the value of and damage to its goodwill and reputation, and incalculable lost revenues and profits.

42. Cicis has no adequate remedy at law because the Cicis Marks are unique and represent to the public Cicis' identity, reputation, and goodwill, such that damages alone cannot fully compensate Cicis for Defendants' misconduct.

43. This continuing injury to Cicis' business, identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued unfair competition, and to ameliorate and mitigate Cicis' injuries.

## COUNT III
## BREACH OF CONTRACT – SPECIFIC PERFORMANCE

44. Cicis incorporates the above paragraphs as if fully stated in this paragraph.

45. Defendants' failure and refusal to comply with their post-termination obligations under the franchise agreement, including without limitation their noncompetition covenant, and their obligations to de-identify the Restaurant and to cease all use of the Cicis Marks, constitute material breaches of the franchise agreement.

46. As a direct and proximate result of Defendants' continuing breaches, Cicis has suffered and will continue to suffer actual, substantial, and irreparable harm, including but not limited to loss of customer goodwill and loyalty, franchise system instability, the inability to refranchise the territory formerly serviced by Defendants' formerly franchised restaurant, lost profits, diminution in the value of its proprietary and confidential information, and loss of competitive advantage.

47. Further, Cicis has been and will be irreparably harmed by Defendants' actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate

Cicis for the continuing damage to the value of Cicis' goodwill and reputation, its proprietary and confidential information, its system stability, and its inability to refranchise the territory serviced by Defendants' formerly franchised restaurant, all of which are caused by Defendants' continuing material breaches.

48. Absent injunctive relief enjoining their misconduct and ordering specific performance of their post-termination obligations, Defendants' material breaches will continue to cause Cicis irreparable harm.

## COUNT IV
## BREACH OF CONTRACT – DAMAGES

49. Cicis incorporates the above paragraphs as if fully stated in this paragraph.

50. Defendants' failure to comply with the terms of the franchise agreement constitutes material breaches of the franchise agreement and its guarantee.

51. As a direct and proximate result of Defendants' breaches, Cicis has sustained damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Cicis respectfully prays for the following relief against Defendants, jointly and severally:

A. A preliminary and permanent injunction enjoining Defendants, and each of them, and their respective agents, servants and employees, and all persons in active concert or participation with them from:

1. Using any of the Cicis Marks, or any trademark, service mark, logo, trade name, or elements of design and décor that is confusingly similar to the Cicis Marks;

2. Otherwise infringing the Cicis Marks using any similar designation, alone

    or in combination with any other components;

  3. Passing off any products or services as those of authorized Cicis' franchisees or as genuine Cicis products or services;

  4. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

  5. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Cicis, or with any of its products or services; and

  6. Unfairly competing with Cicis, in any manner;

B. A preliminary and permanent injunction directing Defendants, and each of them, and their respective agents, servants and employees, and all persons in active concert or participation with them, to fully perform their post-termination obligations, including, without limitation, their obligations under their noncompetition covenant;

C. An order that Defendants account and pay over to Cicis all gains, profits and advantages derived by them as a result of their infringement of the Cicis Marks and unfair competition, to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

D. An order that Defendants pay to Cicis such damages as it has sustained by reason of Defendants' trademark infringement and unfair competition, and that, because of the willful nature of such infringement, the Court enter judgment for Cicis in an amount equal to three times the amount of such damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. 1117;

  E.  Damages for Defendants' breaches of the franchise agreement and its guarantee in an amount to be proved at trial;

  F.  An award of the costs and expenses, including reasonable attorneys' fees, incurred by Cicis in connection with this action; and

  G.  Such other and further relief as the Court deems just and proper.

Dated: August 15, 2025        Respectfully submitted,

               /s/ *J. David Apple*
               J. David Apple
               State Bar No. 01278850
               J. DAVID APPLE, P.C.
               735 Plaza Blvd., Suite 200
               Coppell, Texas 75019
               (972) 315-1900 x223
               (972) 315-1955 fax
               jdapple@jdalaw.com

               **ATTORNEYS FOR PLAINTIFF**